[Civ. No. 64884. Second Dist., Div. Four. Nov. 19, 1982.]

WAKKING L. LEWIS, a Minor, etc., Plaintiff and Appellant, v. CITY OF LOS ANGELES, Defendant and Respondent.

COUNSEL

Michaelson, Withey & Abzug, Alvin S. Michaelson and Pamela A. Withey for Plaintiff and Appellant.

Ira Reiner, City Attorney, John T. Neville, Senior Assistant City Attorney, and Richard M. Helgeson, Assistant City Attorney, for Defendant and Respondent.

OPINION

AMERIAN, J.—

### BACKGROUND

This is an appeal from a judgment entered on May 19, 1981, in favor of respondent the City of Los Angeles (hereinafter City) in an action for personal injuries instituted by appellant Wakking L. Lewis, a minor, by and through his guardian ad litem, Margie Lewis.

On November 8, 1975, appellant was struck and seriously injured by a motorist while he was crossing the intersection at Santa Barbara and Walton Avenue. When appellant was struck he was walking inside a crosswalk which was demarcated in white.

The theory of liability set forth in the complaint is that the crosswalk, owned and maintained by the City, constituted a "concealed trap due to the heavy traf-

fic flow on Santa Barbara Avenue and the fact that there was no traffic signal light regulating said mid-block crosswalk." At trial, however, appellant's theory of liability rested solely upon the proposition that Government Code section 815.6 and Vehicle Code section 21368 imposed a mandatory duty upon the City to provide a yellow crosswalk rather than the white one used by appellant.

Together, Government Code section 815.6[1] and Vehicle Code section 21368[2] provide that the City is liable for any injuries proximately caused from a failure to provide a yellow crosswalk and accompanying warning signs "[w]henever a marked pedestrian crosswalk has been established in a roadway *contiguous* to a school building or the grounds thereof." (§ 21368, italics added.)

The subject crosswalk is located 210 feet from the periphery of the Manual Arts High School grounds. Immediately adjacent to the northernmost boundary of the school grounds is 40th Street which is a 2-lane, 30-foot wide improved street. One city block spans the 180-foot distance between the northern curb of 40th Street and the subject crosswalk. A residential area is located on the southwest corner of this block and a commercial auto repair shop is located on the northwest corner of this block. (See attached appendix, *post,* at p. 523.)

Outside the jury's presence, the court on its own motion heard oral argument from both counsel and considered various dictionary definitions of the word "contiguous" as used in section 21368. The Attorney General's opinion on the interpretation of the meaning of the word "contiguous" as used in former section 479 (55 Ops.Cal.Atty.Gen. 140 (1972)) was also considered by the court. The court determined as a matter of law that the word "contiguous,"as used in section 21368, does not require an actual touching but that the Legislature must

---

[1]Government Code section 815.6 provides: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

At the time appellant sustained his injuries Vehicle Code section 21368 provided: "Whenever a marked pedestrian crosswalk has been established in a roadway contiguous to a school building or the grounds thereof, it shall be painted or marked in yellow as shall be all the marked pedestrian crosswalks at an intersection in case any one of the crosswalks is required to be marked in yellow. Other established marked pedestrian crosswalks may be painted or marked in yellow if either (a) the nearest point of the crosswalk is not more than 600 feet from a school building or the grounds thereof, or (b) the nearest point of the crosswalk is not more than 1,400 feet from a school building or the grounds thereof, there are no intervening crosswalks other than those contiguous to the school grounds, and where it appears that the facts and circumstances require special painting or marking of the crosswalks for the protection and safety of persons attending the school. There shall be painted or marked in yellow on each side of the street in the lane or lanes leading to all yellow marked crosswalks the following words, 'SLOW-SCHOOL-XING', except that such words shall not be painted or marked in any land leading to a crosswalk at an intersection controlled by stop signs, traffic signals, or yield right-of-way signs. A crosswalk shall not be painted or marked yellow at any location other than as required or permitted in this section."

[2]Hereinafter all references to code sections are to the Vehicle Code.

have intended "contiguous" to extend to circumstances where "there is an obvious relationship between the area of the roadway and the school grounds . . . ; that a person in seeing the relationship of the roadway at that point where the crosswalk should be or is, would see a natural relationship, a physical relationship between the roadway, the crosswalk and the school; because the purpose of the statute, of course, is to protect the school children."

Over appellant's objections, the court also determined, as a matter of law, that section 21368 as interpreted did not apply to the undisputed physical facts of the instant case. Specifically, the court noted, "that the intervening distances [210 feet], the intervening block, the intervening location of 40th Place [sic] eliminates this particular crosswalk and intersection as being a roadway contiguous to a school building or the grounds thereof, as defined in Vehicle Code 21368; that as a matter of law the legislature did not intend to thrust the burden on the City . . . to go to a crosswalk located this distance from that school under the physical conditions that we have there and require them to maintain the yellow marked crosswalk as provided in the first sentence of Vehicle Code 21368."

Judgment was then entered in favor of the City on May 19, 1981.

### CONTENTIONS

Appellant contends that whether section 21368, as interpreted and construed by the court, was applicable to the facts of the case at bar was not a question of law for the court but was a question of fact for the jury to determine. This contention is without merit.

"It is elementary that the construction of a statute . . . and its applicability is solely a question of law." (*Killian* v. *City and County of San Francisco* (1978) 77 Cal.App.3d 1, 7 [143 Cal.Rptr. 430]; see also *Estate of Madison* (1945) 26 Cal.2d 453, 456 [159 P.2d 630]; *Bodinson Mfg. Co.* v. *California E. Com.* (1941) 17 Cal.2d 321 [109 P.2d 935]; *Rich* v. *State Board of Optometry* (1965) 235 Cal.App.2d 591, 604 [45 Cal.Rptr. 512]; *Plum* v. *City of Healdsburg* (1965) 237 Cal.App.2d 308, 313 [46 Cal.Rptr. 827].) Here, the location of Santa Barbara Avenue and the subject crosswalk relative to the Manual Arts High School and the school grounds was not in dispute. The authorities cited above establish that where there is no factual dispute, applicability of a given statute to a given set of facts is a question of law.[3]

---

[3]The cases appellant relies upon are not dispositive since in each case applicability of a given statute or ordinance was a question of fact because salient facts were in dispute. (See e.g., *Fry* v. *Young* (1968) 267 Cal.App.2d 340, 348-349 [73 Cal.Rptr. 62]; *Newton* v. *Thomas* (1955) 137 Cal.App.2d 748, 758-759 [291 P.2d 503]; *Anderson Union High Sch. Dist.* v. *Schreder* (1976) 56 Cal.App.3d 453, 462-463 [128 Cal.Rptr. 529].)

■    Appellant also contends that even if applicability of section 21368 to the facts of the case at bar was a question of law for the court to determine, the determination that the statute was inapplicable was unreasonable and thus, erroneous.

Since the facts are not in dispute, appellant is in essence contending that the court misconstrued and misinterpreted section 21368. This court is not bound by the lower court's determination "[w]here the facts are not in conflict and the issue involves the proper application of a statute . . . ." (*Shoban* v. *Board of Trustees* (1969) 276 Cal.App.2d 534, 541 [81 Cal.Rptr. 112].) Nevertheless, our own determination respecting interpretation of the word "contiguous" as used in section 21368 is commensurate with that made by the lower court.

The obvious legislative purpose of section 21368 is to protect children. With respect to this purpose, the trial court noted that to hold that there must be an actual physical touching between the roadway and the school grounds would be too narrow an interpretation of what the Legislature had in mind. We agree.

Additionally, the trial court noted that by virtue of the second sentence of this section, which permits discretionary painting of yellow crosswalks, the "legislature had in mind roadways which were not necessarily physically touching or in actual contact with the school grounds but were certainly close in proximity . . . . [so that there] would be a natural relationship between that roadway and its crosswalks and the school grounds." Furthermore, while this section authorizes discretionary painting of yellow crosswalks within specified distances from a school or school grounds, this section also provides that "[a] crosswalk shall not be painted or marked yellow at any location other than as required or permitted in this section."

In light of both the intended purpose of section 21368 and the limitations prescribed by this section, we hold, as did the trial court, that as a matter of law the crosswalk in question is not "contiguous" to the school grounds of Manual Arts High School within the meaning of section 21368.

The judgment is affirmed.

Kingsley, Acting, P. J., and Tynan, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.