# Route 4 Associates v. Town of Sherburne Planning Commission and Town of Sherburne

[578 A.2d 112]

No. 89-188

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed June 15, 1990

*Donald R. Powers* and *Geoffrey Commons* of *Kelley, Meub, Powers & English, Ltd.*, Middlebury, for Plaintiffs-Appellants.

*Liam L. Murphy* and *Deborah L. Markowitz* of *Langrock Sperry Parker & Wool*, Burlington, for Defendant-Appellee.

**Gibson, J.** Petitioner Route 4 Associates appeals from a decision of the superior court denying an application for a planned unit development (PUD) in the Town of Sherburne. We affirm.

Petitioner seeks PUD approval for construction of a 100-unit hotel on property separated by a privately owned strip of land approximately 50 feet in width and 450 feet in length. The separated lots are 3.8 acres and 2.39 acres in size. The Town of Sherburne Planning Commission denied petitioner's application on the ground that neither parcel met the five-acre minimum-lot-size requirement set forth in the town's zoning ordinance. On appeal, the superior court conducted a de novo review and, with the consent of the parties, addressed the threshold question of whether petitioner's two lots are "contiguous" and, thus, one unit pursuant to the zoning regulations. The court found that the titleholder of the privately owned strip of land separating petitioner's property was neither a subscriber nor a party to

the PUD application, and concluded that, since the two lots do not touch each other, the application does not meet the zoning ordinance's five-acre minimum-lot-size requirement. In its appeal to this Court, petitioner argues that (1) the word "contiguous" may be interpreted to include parcels not in actual physical contact, and (2) the town regulation stating that words undefined in the regulations shall be used as defined in a specified dictionary is an impermissible delegation of the town's authority.

We conclude that the trial court's decision was not clearly erroneous, arbitrary, or capricious. See *In re McDonald's Corp.*, 151 Vt. 346, 348–49, 560 A.2d 362, 364 (1989). The Sherburne Zoning Regulations require a PUD to have a minimum lot area of five acres. § 240.6. "Lot area" is defined as the "[t]otal contiguous area within the property lines of a lot, calculated by horizontal projection, but excluding any part thereof lying within the boundaries of a public or non-public vehicular right-of-way, existing or proposed." *Id.* § 120.2. Although the regulations do not define "contiguous," "[w]ords not specifically defined [in the regulations] shall be used as defined in a Webster's New Collegiate Dictionary no more than 5 years old." *Id.* § 120.1. Webster's Ninth New Collegiate Dictionary, copyrighted in 1986, defines "contiguous" as follows:

> 1: being in actual contact: touching along a boundary or at a point 2 of angles : ADJACENT 3 : next or near in time or sequence 4 : COTERMINOUS

When construing the meaning of the word "contiguous" as applied to ownership of land, most courts, including this Court, have accorded the word its primary, ordinary meaning of touching. See, e.g., *Bullis v. Town of Grand Isle*, 151 Vt. 503, 504, 561 A.2d 1359, 1360 (1989) (construing tax assessment statute and recent opinion, Court held that "properties that do not share a common border are not contiguous"); *Ehle v. Tenney Trading Co.*, 56 Ariz. 241, 245, 107 P.2d 210, 212 (1940) (construing homestead statute, court held that "contiguous" requires actual contact in accordance with common meaning of word); *Seckman v. Georgia Power Co.*, 155 Ga. App. 204, 205, 270 S.E.2d 328, 329 (1980) (two tracts separated by private right of way used for

electric transmission lines are not "contiguous" with respect to consequential damages of condemnation proceeding despite fact that owner of two tracts had easement across right of way); *Hillman v. City of Pocatello*, 74 Idaho 69, 71, 256 P.2d 1072, 1073 (1953) (under annexation statute, "contiguous" construed in primary and obvious sense of coterminous or abutting); *In re Board of Directors of Hazelton School District*, 105 Pa. Commw. 565, 568, 524 A.2d 1083, 1085 (1987) (statute mandating that regions of multicounty school district be composed of "contiguous" election districts prohibited any break in continuous physical territory, no matter how small); *Bryant v. City of Charleston*, 295 S.C. 408, 411, 368 S.E.2d 899, 901 (1988) ("contiguous" as used in annexation statute must be afforded its ordinary meaning of touching); *Lien v. Northwestern Eng'g Co.*, 73 S.D. 84, 95, 39 N.W.2d 483, 489 (1949) (since "contiguous" in its primary sense means actual contact or touch, there was no fact question in this respect for jury).

There may be exceptions to this general rule. See, e.g., *In re Estate of Thomas*, 178 Neb. 578, 584, 134 N.W.2d 237, 241 (1965) (two tracts separated by public highway are "contiguous" pursuant to homestead statute where both tracts were used and operated as one farm); *Town of Lyons v. City of Lake Geneva*, 56 Wis. 2d 331, 335, 202 N.W.2d 228, 231 (1972) (when gap of 23 feet is part of public road, parcel is close enough to city limits to be contiguous). In most cases, however, the looser meaning is applied only where the contractual or legislative intent, or the nature of the subject under consideration, indicate that such an application is appropriate. See, e.g., *United States v. Hunter*, 80 F.2d 968, 969 (5th Cir. 1936); *Lewis v. City of Los Angeles*, 137 Cal. App. 3d 518, 522, 187 Cal. Rptr. 273, 276 (1982) (legislative purpose of statute making schools liable for injuries caused by city's failure to provide crosswalks in roadways "contiguous" to school grounds precluded the requirement that the roadways be in actual contact with school grounds); *Roy F. Stamm Elec. Co. v. Hamilton-Brown Shoe Co.*, 350 Mo. 1178, 1182, 171 S.W.2d 580, 582 (1943).

In the instant case, both legislative purpose and common sense lead us to the conclusion that the word "contiguous"

should be construed in its primary, narrow sense. PUDs are intended to permit "developments of larger parcels of land which will provide a desirable and stable environment," and "flexibility in design, placement of buildings, use of open spaces, circulation facilities, and off-street parking areas." Town of Sherburne Zoning Regulations § 505. Were we to construe the word "contiguous" so that any parcels "near" each other had to be reviewed for PUD approval, we would be undercutting both the flexibility component that is inherent in larger parcels and crucial to PUDs, as well as the certainty and reliability of the regulation itself. Cf. *In re Lancaster City Ordinance No. 27–1952*, 374 Pa. 546, 548, 98 A.2d 34, 35 (1953) ("If contiguity can leap 30 feet, it can leap 300 feet or 30 miles.").

In support of its argument, petitioner cites *Board of Commissioners of Township of O'Hara v. Hakim*, 19 Pa. Commw. 661, 666, 339 A.2d 905, 908 (1975), in which the court held that a 14.6-acre parcel and a 2.9-acre parcel could be considered as one unit in satisfaction of a statute requiring that a PUD be developed on not less than fifteen acres. That case, however, is distinguishable. Aside from the fact that one of the parcels was just short of the required fifteen acres and the original tract had been separated when the state condemned an easement of right of way to relocate a road, the township zoning ordinance did not require that the land be contiguous. Here, on the contrary, the intervening land is privately owned in fee simple, and the town regulations explicitly require that the proposed development be on a lot that has a contiguous area of at least five acres.

We reject petitioner's argument that, by adopting dictionary definitions for undefined words, the town delegated its authority to the editorial board of Webster's New Collegiate Dictionary. The dictionary is merely a compendium of plain and commonly accepted meanings, which we presume are intended by statutory language. See *State v. Yudichak*, 147 Vt. 418, 420, 519 A.2d 1150, 1151 (1986).

*Affirmed.*