Filed 02/22/24

VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 23-ENV-00112



| Windham Windsor Housing Trust JO Appeal |
|---|

## DECISION ON CROSS-MOTIONS

| | |
|---|---|
| Title: | Motion for Summary Judgment (Motion #3) |
| Filer: | Peter Raymond, Attorney for Applicant/Appellee Windham & Windsor Housing Trust |
| Filed Date: | December 1, 2023 |

Memorandum in Opposition, filed on December 28, 2023 by Harold B. Stevens III, Attorney for
    Appellants.

Reply to Motion for Summary Judgment, filed on January 2, 2024 by Alison Milbury Stone, Attorney
    for the Vermont Natural Resources Board.

...............................................................................................................

| | |
|---|---|
| Title: | Cross Motion for Summary Judgment (Motion #4) |
| Filer: | Harold B. Stevens III, Attorney for Appellants |
| Filed Date: | December 28, 2023 |

Memorandum in Opposition, filed by Attorney Peter Raymond on January 11, 2024

Reply to Memo in Opposition, filed by Attorney Harold B. Stevens III on January 18, 2024.

**Applicant/Appellee's motion is GRANTED; Appellants' motion is DENIED.**

This is an appeal of a jurisdictional opinion issued by the Act 250 District #2 Coordinator on September 21, 2023 concluding that an Act 250 permit is not required for the Windham and Windsor Housing Trust's ("WWHT") proposed construction of a 25-unit mixed-income residential development (the "Project") in Putney, Vermont because the Project constituted a "priority housing project." Laura Campbell and Deborah Lazar (together "Appellants") argue that the Project is not exempt from Act 250 review under the current definition of a "priority housing project" because it encompasses non-contiguous lots. Presently before the Court are the parties' cross motions for summary judgment.

1

The parties agree that this appeal can be decided on motions as a matter of law. The sole issue before the Court is whether the Project meets the definition of a "priority housing project" as set forth in 10 V.S.A. § 6001(35) notwithstanding a Class III road separating the lots on which the Project is to be built.

WWHT is represented by Peter Raymond, Esq. Appellants are represented by Harold B. Stevens III, Esq. The Vermont Natural Resources Board ("NRB") is represented by Allison Milbury Stone, Esq.

## Legal Standard

To prevail on a motion for summary judgment, the moving party must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); V.R.E.C.P. 5. The nonmoving party "receives the benefit of all reasonable doubts and inferences." Robertson v. Mylan Labs., Inc., 2005 VT 15, ¶ 15, 176 Vt. 356. When considering cross-motions for summary judgment, as the Court presently has before it, the Court considers each motion individually and gives the opposing party the benefit of all reasonable doubts and inferences. City of Burlington v. Fairpoint Commc'ns, Inc., 2009 VT 59, ¶ 5, 186 Vt. 332.

## Undisputed Material Facts

We recite the following factual background and procedural history, which we understand to be undisputed unless otherwise noted, based on the record now before us and for the purpose of deciding the pending pre-trial motions. The following are not specific factual findings relevant outside the scope of this decision on the pending motions. See Blake v. Nationwide Ins. Co., 2006 VT 48, ¶ 21, 180 Vt. 14 (citing Fritzeen v. Trudell Consulting Eng'rs, Inc., 170 Vt. 632, 633 (2000) (mem.)).

With respect to the pending cross-motions, Appellants admit to the entirety of WWHT's Statement of Undisputed Material Facts. The Court has reviewed the provided facts and their proffered support and concludes that they are adequately supported. For ease of reference, the stipulated facts are restated as follows:

1.  Windham & Windsor Housing Trust (previously defined as "WWHT") proposes to develop a 25-unit mixed income residential development adjacent to downtown Putney in the Village Zoning district.

2.  As of the 2020 census, Putney had a population of 2,617.

2

3. The area around downtown Putney, including the area where the Project is proposed, has been designated by the State of Vermont Department of Housing and Community Development ("DHCD") as a "neighborhood development area" ("NDA") pursuant to 24 V.S.A. § 2793e.

4. The Project lands are off Alice Holway Drive and involve three lots now owned by WWHT, referred to as Lot A1, Lot A2 and Lot B.

5. Lot A1 is 0.91 +/- acres, Lot A2 is 2.02+/- acres, and Lot B is 1.03 acres.

6. Lot A1 and Lot A2 are separated by Alice Holway Drive, a Class III town road.

7. On Lot A1, there will be two multi-family buildings with a total of 25 units of mixed income housing.

8. 19 of the 25 units will be covenant restricted to meet the affordability requirements for rental housing under 10 V.S.A. § 6001(29)(B) indefinitely.

9. Also on the southern portion of Lot A1, there will be a 25-space parking lot.

10. Across Alice Holway Drive from the buildings on Lot A1, a 15-space overflow parking area is proposed on Lot A2, with the remainder of Lot A2 proposed to remain open space.

11. A crosswalk will provide pedestrian access from the housing units on Lot A1 to the overflow parking area and open space on Lot A2.

12. Lot B is an existing community garden that is not proposed for development and will remain a community resource.

13. On March 9, 2022, the Town of Putney Development Review Board ("DRB") granted the Project site plan, conditional use, and planned residential development approval.

14. This Court affirmed that approval, finding the presence of Alice Holway Drive did not prevent Lots A1 and A2 from being permitted as a single PRD.

15. The Vermont Supreme Court affirmed that decision on July 21, 2023.

16. The Town of Putney currently treats Lots A1, A2, and B as a single parcel for tax purposes using a single Span Number for all three: Span #504-158-10729.

17. On September 21, 2023, the District Coordinator for the District 2 Environmental Commission issued her Jurisdictional Opinion confirming that the Project did not require an Act 250 permit or permit amendment as it was exempt under 10 V.S.A. § 6081(p) as a priority housing project.

## Conclusions of Law

The narrow issue on appeal is whether the Project falls under the Act 250 exemption for priority housing projects set forth in 10 V.S.A. § 6081(p) despite a Class III town road separating lots

3

A1 and A2. Specifically, the relevant inquiry is whether the Project is located on "a single tract or multiple contiguous tracts of land." 10 V.S.A. § 6001(35). A Priority Housing Project is defined as:

> [A] discrete project located on a single tract or multiple contiguous tracts of land that consists exclusively of mixed income housing or mixed use, or any combination thereof, and is located entirely within a designated downtown development district, designated new town center, designated growth center, or designated neighborhood development area under 24 V.S.A. chapter 76A.

10 V.S.A. § 6001(35).

When interpreting statutory provisions such as this one, we are directed to give effect to the intent of the Vermont Legislature. In re Vermont Permanency Initiative, Inc. Denial, 2023 VT 65, ¶ 12. We do so by first looking at the plain meaning of the statutory language. In re Bennington Sch., Inc., 2004 VT 6, ¶ 12, 176 Vt. 584. "The Court will assume the common and ordinary usage of language in a statute unless doing so would render it ineffective, meaningless, or lead to an irrational result." Id. at ¶ 13 (citation omitted). If the language itself does not provide clarity, we ascertain legislative intent by considering "the entire statute, including its subject matter, effects and consequences, as well as the reason and spirit of the law." Harris v. Sherman, 167 Vt. 613, 614 (1998) (citation omitted). Lastly, when construing land use regulations, "any uncertainty must be decided in favor of the property owner." See In re Vitale, 151 Vt. 580, 584 (1989) (citation omitted) (reviewing an Environmental Board's interpretation of Act 250).

Appellants argue that the Project is not "located on a single tract or multiple contiguous tracts of land" because Alice Holway Drive runs between lots A1 and A2. Appellants point to a single Vermont Supreme Court case interpreting the meaning of the word "contiguous." Route 4 Assocs. v. Town of Sherburne Planning Com'n, 154 Vt. 461, 462 (1990). In Route 4, the Vermont Supreme Court explained that the word "contiguous" generally requires parcels to be touching, but that there may be exceptions to this general rule. Id. at 463. For example, a broader interpretation of the word is appropriate where such an interpretation gives effect to the legislative intent. Id. Here, there is a clear legislative intent in 10 V.S.A. § 6001(35) and 10 V.S.A. § 6081(p) that necessitates a broader reading of the term "contiguous" than the Vermont Supreme Court imposed in Route 4.

Read together, Title 10 Sections 6001(35) and 6081(p) operate to exempt projects that would otherwise be subject to Act 250 jurisdiction from needing Act 250 permits or permit amendments. The Legislature clearly intended to lessen the regulatory burden on mixed income housing projects in designated growth areas. It is clear to the Court that lessening this burden on qualified housing

projects was done with the intent to facilitate an expedited process by which such projects can be constructed and, through this, encourage their development. The intent to facilitate the development of housing is further supported by passage of Act 47 of 2023, An Act Relating to Housing Opportunities Made for Everyone (the "HOME Act"). This omnibus housing legislation expanded opportunities for housing to be built without Act 250 oversight. Specifically, the HOME Act removed from the definition of "development" in the Act 250 context housing projects with 24 or fewer units located in designated areas. See 10 V.S.A. § 6001(3)(A)(xi).[1] The Home Act also lifted the cap on the number of units that may be constructed as part of a priority housing project regardless of the municipality's population. 10 V.S.A. § 6001(3)(D)(viii)(III). Thus, read together, there is a clear legislative intent to incentivize the construction of housing in designated areas by removing eligible projects from Act 250 jurisdiction.

There is no dispute that the Project meets the mixed income requirement for priority housing projects. See 10 V.S.A. § 6001(27) (defining "mixed income housing"). Further, there is no dispute that the Project is located entirely within a neighborhood development area. The Project also falls below the 50-unit cap for municipalities with a population of less than 6,000 people.[2] In sum, this is precisely the type of project that the Legislature sought to encourage by adopting the priority housing project exemption from Act 250.

To find that the Project is subject to Act 250 jurisdiction in light of these facts, merely because of the presence of a Class III road, would be an irrational and impermissibly strict reading of the statute that stimies the Legislature's intent to encourage mixed income housing in designated growth areas. See Billewicz v. Town of Fair Haven, 2021 VT 20, ¶ 26, 214 Vt. 511, 524 (explaining that courts may adopt an otherwise reasonable construction of a statute when the plain reading would produce absurd or irrational results). The Court is further convinced that this Project is "contiguous" as that term is used in § 6001(35) because it is treated as such in every practical sense. The Project site is under common ownership and is subject to a comprehensive planned residential development approval by the municipality. See Windham & Windsor Housing Trust Permit Appeal, No. 22-ENV-00033 (Vt. Super. Ct. Envtl. Div. Feb 15, 2023) (Walsh, J.) (affirming the DRB's issuance of PRD approval). Furthermore, the lots are connected by a crosswalk, and most notably, are treated as a

---

[1] WWHT points out that 10 V.S.A. § 6001(3)(A)(xi) does not limit its application to housing projects located on contiguous tracts. The Court cannot think of any reason why the Legislature would intend to require lot contiguity for affordable housing projects but not for market rate housing projects.

[2] As previously mentioned, the HOME Act of 2023 removed the unit cap for priority housing projects in designated areas until July 1, 2026. See 10 V.S.A. § 6001(3)(D)(viii)(III).

single tax parcel by the Town of Putney. Taken together, the only rational conclusion is that the Project constitutes a single tract, or multiple contiguous tracts, sufficient to meet the § 6001(35) definition of a priority housing project.[3] Appellants point to no facts or authority to the contrary beyond the Route 4 case, which itself contemplates broad interpretations of the term "contiguous" in circumstances such as the one the Court is currently presented. Accordingly, the material facts are not in dispute, and we must conclude that the Project is a priority housing project and therefore it does not require an Act 250 permit. Thus, WWHT is entitled to judgment as a matter of law and its motion is **GRANTED**. For the same reasons, Appellants' motion is **DENIED**.

### Conclusion

For the foregoing reasons, we conclude that there is no genuine dispute of material fact that the Project is to be located on "contiguous" parcels under the plain meaning of 10 V.S.A. § 6001(35) and it is therefore exempt from Act 250 review as a priority housing project. Accordingly, we **GRANT** WWHT's motion for summary judgment and **DENY** Appellants' motion.

This concludes the matter before the Court. A Judgment Order accompanies this Decision.

Electronically signed at Brattleboro, Vermont on Thursday, February 22, 2024, pursuant to V.R.E.F. 9(d).

Thomas S. Durkin, Superior Judge
Superior Court, Environmental Division

---

[3] This interpretation of the word "contiguous" is limited to the present application and the definition of priority housing projects. We do not address its meaning in any other context, including other uses in Act 250 and Title 10.

6