NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2024 VT 73

No. 24-AP-079

In re Windham Windsor Housing Trust JO Appeal
(Deborah Lazar & Laura Campbell, Appellants)

Supreme Court

On Appeal from
Superior Court,
Environmental Division

October Term, 2024

Thomas S. Durkin, J.

Harold B. Stevens of Stevens Law Office, Stowe, for Appellants.

Peter G. Raymond of Sheehey Furlong & Behm P.C., Burlington, for Appellee Windham &
  Windsor Housing Trust.

Charity R. Clark, Attorney General, and Melanie Kehne, Assistant Attorney General,
  Montpelier, for Appellee Vermont Natural Resources Board.


PRESENT:  Reiber, C.J., Eaton, Carroll, Cohen and Waples, JJ.


¶ 1.    **EATON, J.**    This case concerns plans for a twenty-five-unit mixed-income residential housing-development project in Putney, Vermont.  Neighbors, Laura Campbell and Deborah Lazar, appeal from an Environmental Division decision concluding that the project is a priority housing project as defined in 10 V.S.A § 6001(35) and therefore is exempt from Act 250 review pursuant to 10 V.S.A § 6081(p).  We affirm.

¶ 2.    The record provides the following undisputed facts.  Windham & Windsor Housing Trust proposed building a twenty-five-unit mixed-income residential development on two of three lots that it owns in downtown Putney.  The project proposal centered on one lot

where the Trust planned to build two multi-family buildings with a total of twenty-five units of mixed-income housing and a twenty-five-space parking lot. Nineteen of the twenty-five planned units were covenant restricted to meet affordability requirements for rental housing under 10 V.S.A. § 6001(29)(B). Directly across Alice Holway Drive, a class-three town road, the Trust planned to build a fifteen-space overflow-parking area for the units. A crosswalk was included to provide pedestrian access from the lot to be used for the housing units to the lot for the overflow-parking area. The third lot would remain a community-garden space.

¶ 3. In March 2022, the Trust applied for and was granted a conditional-use permit for the project by the Town of Putney Developmental Review Board. Neighbors appealed the permit to the Environmental Division, and that court affirmed, concluding that the road between the lots did not prevent the project from being permitted under zoning as a single planned residential development. This Court affirmed the Environmental Division's decision in July 2023. In re Windham & Windsor Hous. Tr., No. 23-AP-080, 2023 WL 4699440 (Vt. July 21, 2023) (unpub. mem.) [https://perma.cc/6L7G-WUQ2]. In September 2023, the District Coordinator for the District 2 Environmental Commission issued an opinion that the project did not require an Act 250 permit because it was exempt under 10 V.S.A. § 6081(p) as a priority housing project. Neighbors appealed that jurisdictional opinion to the Environmental Division, arguing that the project did not meet the definition of a priority housing project because it was not located on a single tract or multiple contiguous tracts of land as required by statute.* The

---

* The question before the Court is whether the project is exempt from Act 250 review when it was planned for two lots separated by a road. The project could be exempt from review as either a "single tract" or "multiple contiguous tracts" of land. 10 V.S.A. § 6001(35). We do not reach the question of whether the two lots are a single tract of land or multiple tracts of land. The Natural Resources Board's Act 250 Rules define "[t]ract of land" as "one or more physically contiguous parcels of land owned or controlled by the same person." Act 250 Rules, Rule 2(C)(12), Code of Vt. Rules 12 004 060, https://act250.vermont.gov/sites/act250/files/documents/2015%20Adopted%20Rules.pdf [https://perma.cc/SC3E-QEN3]. Further, under our precedents, the terms "parcel" and "lot" are used interchangeably, see, e.g., Wilcox v. Manchester Zoning Bd. of Adjustment, 159 Vt. 193, 194-95, 616 A.2d 1137, 1138 (1992), or are

2

parties filed cross motions for summary judgment. The Environmental Division granted summary judgment to the Trust, holding that the project was located on a single tract or on multiple "contiguous" tracts of land and therefore met the definition of a priority housing project in § 6001(35). This appeal followed.

¶ 4.    We review motions for summary judgment de novo and apply the same standard as the trial court. Gordon v. Bd. of Civ. Auth. for Morristown, 2006 VT 94, ¶ 4, 180 Vt. 299, 910 A.2d 836. Summary judgment is appropriate where "there is no genuine issue as to any material fact, and [the moving party] is entitled to judgment as a matter of law." Id.; V.R.C.P. 56(a).

¶ 5.    When interpreting a statute, "our primary goal is to give effect to the legislative intent" and to do so "we first look to the plain meaning of the statute." In re Vill. Assocs. Act 250 Land Use Permit, 2010 VT 42A, ¶ 9, 188 Vt. 113, 998 A.2d 712. "The words of a statute are not to be read in isolation, however, but rather in the context and structure of the statute as a whole." In re Vt. Verde Antique Int'l, Inc. 174 Vt. 208, 211-12, 811 A.2d 181, 184 (2002). "[T]his Court will not excerpt a phrase and follow what purports to be its literal reading without considering the provision as a whole." TD Banknorth, N.A. v. Dep't of Taxes, 2008 VT 120, ¶ 15, 185 Vt. 45, 967 A.2d 1148 (quotation omitted). Further, "in construing land use regulations any uncertainty must be decided in favor of the property owner." In re Vitale, 151 Vt. 580, 584, 563 A.2d 613, 616 (1989).

¶ 6.    A priority housing project is defined as a "discrete project located on a single tract or multiple contiguous tracts of land that consists exclusively of mixed income housing . . . and is located entirely within a . . . designated neighborhood development area." 10 V.S.A. § 6001(35). Priority housing projects with fewer than fifty units are exempt from Act 250

---

referred to as incorporating each other, see, e.g., In re Weeks, 167 Vt. 551, 553, 712 A.2d 907, 909 (1998). Therefore, the definition of "contiguous" is dispositive in an analysis of the lots as either a single tract or multiple contiguous tracts.

review in a municipality with a population of less than 6000. Id. §§ 6081(p), 6001(3)(A)(iv)(I)(dd). The parties agree that the project is discrete, consists of fewer than fifty units of mixed-income housing, is located within a designated neighborhood-development area, and is in a municipality with a population of less than 6000. The sole issue before this Court is whether the two lots planned for the project are "contiguous," as required by the statute. Neighbors argue that the project is not exempt from Act 250 review because the road between the two lots disrupts the contiguity requirement in § 6001(35). We conclude that the project meets the statutory requirements.

¶ 7. Although § 6001 does not define the term "contiguous," our prior cases provide some guidance. In Route 4 Associates v. Town of Sherburne Planning Commission, we recognized that the meaning of the term "contiguous" can differ depending on the legislative intent. 154 Vt. 461, 462-64, 578 A.2d 112, 113-14 (1990) (stating that contiguous can have both "narrow" and "looser" meanings.). The narrowest meaning of "contiguous" is "being in actual contact: touching along a boundary or at a point." Id. at 462, 578 A.2d at 113 (quotation omitted). Whereas, under a looser meaning, two lots do not need to literally touch to be contiguous. Id. at 463, 578 A.2d at 113. For example, under a looser meaning, a public road does not always break contiguity. Id. (first citing In re Est. of Thomas, 134 N.W.2d 237, 241 (Neb. 1965) (recognizing that two tracts of land separated by public highway were "contiguous" when both were used as same farm); and then citing Town of Lyons v. City of Lake Geneva, 202 N.W.2d 228, 231 (Wis. 1972) (holding land was "contiguous" to city when road ran between land and city limits)). A narrower meaning of contiguous is typically the "primary" meaning, whereas a "looser meaning is applied only where the contractual or legislative intent, or the nature of the subject under consideration, indicate that such an application is appropriate." Id. at 463, 578 A.2d at 113, see also Forrett v. Stone, 2021 VT 17, ¶ 14, 214 Vt. 283, 256 A.3d 585

4

(per curiam) (explaining when there is doubt, ambiguity, or more than one reasonable meaning of statute's wording, we look to legislative intent.)

¶ 8. Consequently, in Route 4 Associates, the legislative purpose and common sense were integral to determining how the word "contiguous" should be interpreted in the context of the zoning ordinance at issue. In that case, the zoning ordinance required a minimum "[t]otal contiguous area" of five acres for a planned unit development. Route 4 Assocs., 154 Vt. at 464, 578 A.2d at 114. In the context of that zoning-ordinance requirement, we held that the term "contiguous" should be construed in a narrow sense because using a looser meaning would undercut the Legislature's reasons for requiring larger areas for planned unit developments. Id. at 462, 578 A.2d at 113. However, we also specifically differentiated the two noncontiguous lots at issue in Route 4 Associates—which were separated by over 22,000 square feet of private property—from two lots separated merely by a road. Id. at 464, 578 A.2d at 114 (distinguishing Bd. of Comm'rs of O'Hara v. Hakim, 339 A.2d 905, 908 (Pa. Commw. Ct. 1975)).

¶ 9. We apply that same analysis here. In 10 V.S.A. § 6000, the Legislature articulated the purposes of Act 250, including to "protect and conserve the environment of the State . . . while supporting equitable access to infrastructure, including housing." The Legislature also indicated that Act 250 aimed to support the goals of 24 V.S.A. § 4302(c), which encourage "[i]ntensive residential development" to create "an adequate supply of . . . homes." 24 V.S.A. § 4302(c)(1)(A); id. § 4348a(a)(9). The priority-housing-project exemption furthers these goals by encouraging projects that incorporate low-income housing by removing Act 250 regulatory burdens for proportionately smaller projects in designated neighborhood-development areas while requiring Act 250 review for larger projects with potentially larger environmental impacts. See 10 V.S.A. § 6001(35). Consequently, when interpreting the use of "contiguous" in § 6001(35), we do so with that legislative purpose in mind. In that context, and in contrast to the outcome in Route 4 Associates, a looser definition of "contiguous" aligns with the legislative

5

intent because using the narrowest definition would frustrate the statute's purpose by disincentivizing the construction of affordable housing, while providing no clear corresponding environmental protection or conservation benefits.

¶ 10.  A reading of the statute as a whole also demonstrates that the Legislature did not intend roads to be determinative in interpreting how lots relate to one another.  For example, § 6001(23) defines two parties as "adjoining property owners" even if their "two properties are separated only by a . . . public highway."  Similarly, § 6001(31)(A) does not allow a farm to be considered two "farms" for compost production requirements if a road runs through it: "a federal, State, or municipal highway or road shall not be determined to divide tracts of land that are otherwise physically contiguous."  Therefore, a looser interpretation of "contiguous" under the priority-housing-project exemption also maintains a cohesive understanding of how lots relate to each other throughout the statute.

¶ 11.  Furthermore, a factual analysis of the project itself demonstrates that the lots are treated as contiguous in other relevant arenas.  The lots are under common ownership.  They will be connected by a crosswalk and both lots are to be used in connection with the same housing project.  The lots are separated only by the town road.  Importantly, the town of Putney treats the lots as a single tax parcel.  Finally, the project is considered a single planned residential development for zoning purposes.  See In re Windham & Windsor Hous. Tr., 2023 WL 4699440, at *3.

¶ 12.  In conclusion, the legislative purpose, the statute's context, common sense, and our policy to construe land-use regulations in favor of the property owner leads us to the conclusion that the word "contiguous" should be construed in a looser sense under the priority-housing-project exemption as applied to these facts.  See 10 V.S.A. § 6000; Vitale, 151 Vt. at 584, 563 A.2d at 616.  Consequently, the Trust's housing project is appropriately considered to

6

be located on a single tract or multiple contiguous tracts of land and, therefore, is a priority housing project under 10 V.S.A. § 6001(35) and is exempt from Act 250 review.

Affirmed.

FOR THE COURT:

_____

Associate Justice

7