NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2026 VT 15

No. 25-AP-169

| | |
|---|---|
| Otter Creek Solar LLC | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Chittenden Unit, Civil Division |
| | |
| Vermont Public Utility Commission | January Term, 2026 |

Samuel Hoar, Jr., J. (Ret.)

Michael Melone, Allco Renewable Energy Inc., New Haven, Connecticut, for Plaintiff-Appellant.

Charity R. Clark, Attorney General, and David R. Groff, Assistant Attorney General, Montpelier, for Defendant-Appellee.

PRESENT: Reiber, C.J., Eaton and Waples, JJ., and Kalfus, Supr. J., and Cohen, J. (Ret.), Specially Assigned

¶ 1.    **REIBER, C.J.**   Otter Creek Solar, LLC appeals a superior court order dismissing its petition under 3 V.S.A. § 809b challenging a Public Utility Commission (PUC) order that denied Otter Creek's request to obtain interrogatories from the PUC Commissioners. We conclude that the PUC order denying this discovery request is not covered by 3 V.S.A. § 809b as claimed and therefore the superior court lacked jurisdiction over the appeal. Accordingly, we affirm.

¶ 2.    In February 2019, Otter Creek filed a petition with the PUC to obtain a certificate of public good (CPG) to construct and operate a solar-generation facility in Bennington, Vermont. In July 2024, the PUC denied the petition.

¶ 3.     In August 2024, Otter Creek moved to reconsider the CPG denial.  Otter Creek argued that the PUC violated Otter Creek's right to due process because the PUC's final order denying the CPG rested on different bases from the proposal for decision.[1]

¶ 4.     In September 2024, Otter Creek filed a second motion seeking to propound interrogatories to the Commissioners to determine whether each Commissioner read the record as required by § 811 of Title 3, also known as the Vermont Administrative Procedure Act (VAPA).[2] Otter Creek claimed: "[a] recurring issue" between it and the PUC was "whether the [PUC] adhered to the requirements of 3 V.S.A. § 811."[3]  Section 811 provides that if "a majority" of agency officials have not "heard the case or read the record," then a decision adverse to a party to the proceeding other than the agency shall not issue "until a proposal for decision is served upon the parties, and an opportunity is afforded to each party adversely affected to file exceptions and present briefs and oral argument to the officials who are to render the decision."  3 V.S.A. § 811.

¶ 5.     In November 2024, the PUC denied both motions.  The PUC cited several reasons for denying Otter Creek's motion to present written interrogatories.  First, the PUC explained that it had complied with 3 V.S.A. § 811 when it served the proposal for decision on the parties by giving Otter Creek an opportunity to present briefs and oral argument prior to the final July 2024 order.  Second, the PUC concluded that 3 V.S.A. § 811's language does not prohibit a final order from diverging from a proposal for decision as long as each adversely affected party has an

---

[1]  We rejected this argument in the preceding appeal In re Petition of Otter Creek Solar LLC, 2025 VT 65, __ Vt. __ , 350 A.3d 426, which issued in December 2025.

[2]  Section 801(a) of Title 3 states that Chapter 25, §§ 800-850, "may be cited as the 'Vermont Administrative Procedure Act.' "

[3]  Otter Creek's affiliates have unsuccessfully asserted this same argument in two other recent cases.  See Apple Hill Solar LLC v. Cheney, No. 2:23-cv-644, 2024 WL 3925912 (D. Vt. Aug. 23, 2024) (dismissing action claiming that Commissioners failed to read entire record); In re Petition of Apple Hill Solar LLC, 2023 VT 57, ¶ 14, 218 Vt. 520, 311 A.3d 117 ("[P]etitioner provides no support for its assertion that a majority of the [Commissioners] did not read the record, and the facts do not support such an inference.").

opportunity to file exceptions and present briefs and oral arguments. Third, the PUC observed that the Commissioners had ample time to review the record prior to issuing the final July 2024 order, and Otter Creek offered no reasons why it believed the Commissioners had not read the record. Finally, the PUC held that it sits in a quasi-judicial capacity when deciding CPG petitions, and therefore a party before it in a contested case does not have the right to seek discovery from its Commissioners who are acting as arbiters of the matter.

¶ 6. Otter Creek filed an appeal to this Court from the PUC's decision denying the CPG,[4] and filed a complaint against the PUC in the civil division of the superior court under Vermont Rule of Civil Procedure 74 and 3 V.S.A. § 809b(a), challenging the denial of discovery. The PUC moved to dismiss the superior court action, arguing that 3 V.S.A. § 809b does not encompass orders denying discovery and that, in any event, interlocutory orders from the PUC are appealable to this Court under a more specific statute, 30 V.S.A. § 12.

¶ 7. In April 2025, the superior court granted the motion to dismiss, concluding it lacked subject matter jurisdiction to hear the appeal. The superior court observed that although 3 V.S.A. § 809b allowed an aggrieved person to bring a proceeding in superior court when an agency "issued a subpoena to compel testimony or the production of documents or things, or has issued a discovery order," the VAPA separately provided for appeal of final and interlocutory orders from the PUC to this Court under § 815. Because the PUC is a quasi-judicial agency with powers of a court of record, the superior court reasoned that it was unlikely the Legislature had intended to provide for horizontal appeals from the PUC to the superior courts. Moreover, the superior court concluded that 30 V.S.A. § 12, which directs appeals from PUC orders to this Court, was more

---

[4] As stated in the footnote above, we affirmed this appeal in In re Petition of Otter Creek Solar LLC, 2025 VT 65. We do not reach the question of whether this Court's affirmance of the underlying CPG decision rendered this case moot because neither party has raised it.

3

specific and therefore controlled over the more general provisions of 3 V.S.A. § 809b. The court held that it lacked jurisdiction over the matter and dismissed the case. Otter Creek appealed.

¶ 8. We review a decision to dismiss for lack of subject matter jurisdiction de novo "with all uncontroverted factual allegations of the complaint accepted as true and construed in the light most favorable to the nonmoving party." Town of Bridgewater v. Dep't of Taxes, 173 Vt. 509, 510, 787 A.2d 1234, 1236 (2001) (mem.) (quotation omitted). A court will not grant a motion to dismiss for lack of subject matter jurisdiction "unless it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Echeverria v. Town of Tunbridge, 2024 VT 47, ¶ 10, 219 Vt. 585, 325 A.3d 98 (quotation omitted).

¶ 9. Relevant here are two sections from the VAPA: 3 V.S.A. §§ 809a and 809b, which were adopted simultaneously. Section 809a is titled: "Enforcement of subpoenas; compulsion of testimony" and applies "when an agency has issued a subpoena to compel a person to appear and testify or to produce documents or things." 3 V.S.A. § 809a. Section 809b is titled: "Modification of subpoena or discovery order" and applies "[w]hen an agency has issued a subpoena to compel testimony or the production of documents or things, or has issued a discovery order to a party." 3 V.S.A. § 809b.

¶ 10. Otter Creek asserts that the plain meaning of the phrase "discovery order" in § 809b(a) means the Legislature intended the statute to encompass any agency order related to discovery, regardless of whether it compelled or denied discovery. According to Otter Creek, the Legislature included the phrase "discovery order" in § 809b(a) following "subpoena to compel testimony or the production of documents or things" because it intended to create an avenue to challenge all orders related to discovery. 3 V.S.A. § 809b(a). Otter Creek contends that if the Legislature intended "discovery order" to encompass only orders compelling discovery, it would have used the same language that it had used in § 809a(a), which applies when an agency "has issued a subpoena to compel a person to appear and testify or to produce documents or things." 3

4

V.S.A. § 809a(a). Otter Creek argues interpreting "discovery order" to include only orders that compel discovery would violate our longstanding presumption that the Legislature does not intend to create surplusage. See In re 204 N. Ave. NOV, 2019 VT 52, ¶ 7, 210 Vt. 572, 218 A.3d 24 ("When interpreting a statute, we presume that language is inserted advisedly and that the Legislature did not intend to create surplusage." (quotation omitted)).

¶ 11. The text, structure, and purpose of the statutory provisions do not support Otter Creek's argument. When viewed together, it is evident that §§ 809a and 809b were intended to work in tandem: § 809a allows agencies to compel discovery from nonparties while § 809b allows individuals to challenge orders compelling action. This is clear from the language of the two sections. Section 809a is geared at allowing agencies to compel action from individuals who are not subject to agency jurisdiction via subpoena, hence use of the word "persons" and the absence of any reference to a discovery order. 3 V.S.A. § 809a(a) (stating § 809a applies when agency issues subpoena "to compel a person to appear and testify or to produce documents or things" (emphasis added)). Meanwhile, § 809b provides a mechanism for "an aggrieved person" to challenge a subpoena or a "discovery order to a party." 3 V.S.A. § 809b(a) (emphasis added). This means that all persons, both parties and nonparties, may challenge a subpoena or discovery order compelling action from the person. The language does not allow a challenge to an order that does not compel any action. Contrary to Otter Creek's assertion, this construction does not result in any surplusage in the statutory language. In re Windham Windsor Hous. Tr., 2024 VT 73, ¶ 5, 220 Vt. 247, 328 A.3d 1225 ("The words of a statute are not to be read in isolation, however, but rather in the context and structure of the statute as a whole." (quotation omitted)). The words "discovery order" are not rendered surplusage. The meaning is evident when read in context— § 809b(a) applies to discovery orders compelling an individual's action by an individual. The order at issue here, which denied Otter Creek's request to compel interrogatories from the Commissioners, was therefore outside the scope of § 809b.

¶ 12.    In any event, we note that Otter Creek's request was not even within the bounds of permissible discovery.  Although Otter Creek argues its interrogatories to Commissioners were not "discovery," whatever the label, they sought information about the deliberative process and any such inquiry would be contrary to fundamental principles of judicial deliberative privilege and separation of powers.  It is well-settled that "[i]n order to protect the effectiveness of the judicial decision-making process, judges cannot be burdened with a suspicion that their deliberations and communications might be made public at a later date." Rueger v. Nat. Res. Bd., 2012 VT 33, ¶ 11, 191 Vt. 429, 49 A.3d 112 (quotation omitted).  We find no construction of the law requiring Commissioners to answer questions that invade their deliberative role.  Commissioners, who serve in a quasi-judicial role, as with all judges, must be free to decide independently without concern that their deliberative process, or their thinking, outside the reasoning on the face of the decision that issues, will be second-guessed in litigation and discovery that may ensue.  See, e.g., id. ¶ 10 (holding that when administrative official acts in quasi-judicial capacity, integrity of judicial process protects their mental impressions from scrutiny).  The reference to "discovery order" in § 809b does not open the door, and no such order issued here.  Section 809b references parties, not Commissioners, and Commissioners are not parties.[5]

¶ 13.    Finally, Otter Creek relies on a Senate Judiciary committee discussion regarding the adoption of §§ 809a and 809b.  Hearing on S.110 before Senate Jud. Committee, 1983-1984 Bien. Sess. (Vt. Feb. 22, 1984).  However, nothing in that discussion challenges our holding today

---

[5]  Otter Creek's arguments related to the statutory language are inapposite.  First, Otter Creek argues that the Legislature contemplated both the nonexclusive jurisdiction of this Court over agency appeals and intended § 809b provide the superior courts as an alternative avenue to challenge PUC discovery decisions.  Second, Otter Creek argues that 3 V.S.A. § 809b should control over 30 V.S.A. § 12 because § 809b is more specific to agency discovery orders rather than general appeals from the PUC under § 12.  However, both of these arguments are predicated on the erroneous assumption that a PUC order compelling discovery was issued in the first place, and that the PUC order denying discovery falls within § 809b's scope.  Here, the PUC issued neither a subpoena to a party nor an order compelling discovery to a party; as such, it is not encompassed within § 809b.

because it related to the enforcement of subpoenas and modification of discovery orders, both unrelated topics. There is no subpoena or motion to modify a discovery order here. See id. (noting § 809b "is the jurisdictional section telling you where to bring the action to enforce a subpoena or to compel testimony" (statement of Legislative Council)). Regardless, § 809b's plain language indicates the Legislature's intent so we will not look further or resort to legislative history. In re Porter, 2012 VT 97, ¶ 10, 192 Vt. 601, 70 A.3d 915 (explaining where statute's plain meaning is clear, "we enforce the statute according to its terms without resort to statutory construction" and that "[o]nly if the language is unclear and ambiguous do we resort to legislative history to determine the Legislature's intent").

¶ 14. We hold that § 809b does not provide a mechanism to challenge the PUC's order denying Otter Creek's request for information from Commissioners. Because the order did not compel answers to questions, or discovery, it is not encompassed within 3 V.S.A. § 809b, and the superior court correctly dismissed the appeal for a lack of subject matter jurisdiction.

Affirmed.

FOR THE COURT:

_____
Chief Justice

7