Filed 01/23/25

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT  05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 22-CV-00380

| Winooski Hotel  Group, LLC et al v. City of Winooski et al |
| --- |

DECISION ON MOTION TO DISMISS COUNTERCLAIMS

This action arises from a dispute over a proposed hotel redevelopment project in downtown Winooski. Plaintiff Winooski Hotel Group now moves to dismiss Defendant Winooski Downtown Redevelopment Association's counterclaims that seek a declaratory judgment. Plaintiff contends that those claims fail for lack of subject matter jurisdiction because there is no longer a justiciable controversy. The court grants the motion.

Background

The case stems from Plaintiff's plan to build a hotel on its property, 4 Winooski Falls Way ("Lot 9") in downtown Winooski. In the original Complaint, filed February 2, 2022, Plaintiff sought a declaration that the Declaration of Covenants, Easements, Conditions[,] and Restrictions for the Winooski Downtown Development Project, dated May 25, 2004 (the "Covenants"), prohibited the Association from contesting Plaintiff's Act 250 application. The Association counterclaimed, essentially seeking contrary declarations about the meaning and enforceability of the Covenants. *See* Counterclaim (filed Mar. 4, 2022). Specifically, in Count 1, the Association seeks a declaratory judgment that the Covenants "do[] not restrict the right of the Association or any of its members to participate in judicial or administrative actions relating to development of Lots 2 and 9, including Act 250 proceedings on the Proposal" and that, to the Covenants do impose such restrictions, the provision "is contrary to public policy and void." Counterclaim ¶¶ 28–29. In Count 2, Plaintiff seeks a declaration essentially that the Covenants prohibit the development of the proposed hotel project. *Id.* ¶¶ 31–36.

On July 15, 2024, Plaintiff amended its Complaint, dropping its declaratory judgment claims and dropping the Association as a party. The impetus for the amendment was apparently the plan by the City of Winooski and the Agency of Transportation to seize Lot 9 for the "Burlington-Winooski Bridge Project." Am. Compl. ¶¶ 193, 205 (describing two offers VTrans made for the property: one for

a full and permanent fee simple transfer, and the other for a six-year transfer); Ex. A. Plaintiff is currently awaiting the City's initiation of condemnation proceedings to seize Lot 9. Am. Compl. ¶ 207. At a minimum, Plaintiff "will have no right or ability to utilize its property in any fashion until approximately 2031 at the earliest." Id. ¶ 208 (emphasis omitted).

Discussion

In moving to dismiss, Plaintiff contends that the Association's counterclaims fail under Rule 12(b)(1) because there is no longer a justiciable controversy as to the meaning of the Covenants. This is because, Plaintiff asserts, its "present development plans for Lot 9 have, for all intents and purposes, been foreclosed" by the City and VTrans's condemnation plans. Mot. to Dismiss at 3. Its property will be unavailable until at least 2031, and it is "completely unknowable" whether it will have the "ability or desire to pursue its development plans" that far in the future. *Id*. "With the actual and immediate controversy between [Plaintiff] and the Association being wholly founded upon [Plaintiff]'s imminent development plans, and the Association's rights to contest those plans and the permitting process preceding any development, the substantive controversy is no longer." *Id*. The Association argues that Plaintiffs' motion to dismiss impermissibly relies on matters outside the pleadings and contradicts Plaintiff's allegations from its original complaint, and that an actual case or controversy continues to exist in any event. Opp'n at 5–7.

For a court to have subject matter jurisdiction, a case "must involve an actual controversy arising between adverse litigants who have a legally cognizable interest in the outcome of the case." *Paige v. State*, 2017 VT 54, ¶ 6, 205 Vt. 287. "The requirement of an actual case or controversy applies to declaratory judgment actions." *Echeverria v. Town of Tunbridge*, 2024 VT 47, ¶ 18. "Unless an actual or justiciable controversy is present, a declaratory judgment is merely an advisory opinion," which courts "lack the constitutional authority to render." *Id*. (quotation omitted). "Thus, declaratory relief is available only when a party is suffering from the threat of actual injury to a protected legal interest." *Id*. (quotation omitted). While a "mere abstract question or hypothetical threat is not a sufficient basis for a declaratory judgment," *Williams v. State*, 156 Vt. 42, 60 (1990), at the same time, "[a] person is not required to wait for the consummation of threatened injury to obtain preventive relief. If the injury is certainly impending, that is enough." *Doe v. Dep't for Child. & Fams.*, 2020 VT 79, ¶ 12, 213 Vt. 151 (quotation omitted). Thus, a "court faced with a request for declaratory relief must look at the litigation situation as a whole in determining whether it is appropriate to entertain the request for such relief." *Burlington Sch. Dist. v. Provost*, 2019 VT 87, ¶ 15, 211 Vt. 277 (quotation omitted).

When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), " 'all *uncontroverted* factual allegations of the complaint [are] accepted as true and construed in the light most favorable to the nonmoving party.' 'A court may consider evidence outside the pleadings.' " *Mullinnex v. Menard*, 2020 VT 33, ¶ 8, 212 Vt. 432 (citations omitted; emphasis added). This teaching clearly forecloses the Association's argument that Plaintiff impermissibly relies on matters outside the pleadings. The City's and VTrans's plans with respect to Lot 9 are therefore properly before the court, as is the consequent fact that Plaintiff's plans for the property are at the very least in limbo until 2031 at the earliest.

The Association concedes that Counterclaim Count II no longer presents a justiciable controversy and consents to dismissal with prejudice of that count. It contends, however, that taking the allegations of its Counterclaim as true, there is still a live controversy as to Count I. *See* Counterclaim ¶ 21. But this contention is belied by Plaintiff's Amended Complaint, which expressly disclaims that there is still an actual controversy as to its claim in the original complaint that certain provisions in the Covenants limited the Association's ability to contest the Lot 9 Act 250 permitting process. First Am. Compl. ¶ 13 n.2. "There can be no doubt that an action is mooted if the plaintiff voluntarily withdraws. Our model of adversary litigation requires that there be at least one pair of contesting parties. The conclusion is so clear that only rare circumstances will create a need to express it." Wright & Miller, 13B Fed. Prac. & Proc. Juris. § 3533.2 (3d ed.) (footnotes omitted). Plaintiff has also submitted a letter from the Agency of Transportation stating that it requires Plaintiff's land for a bridge project and making Plaintiff an official offer for that land. Ex. A. This demonstrates that there is presently no actual case or controversy as to the matters alleged in Counterclaim Count I. Therefore, the court lacks subject matter jurisdiction over that claim.

The Association's reliance on *Watson v. Vill. at Northshore I Ass'n, Inc.*, 2018 VT 8, ¶ 67, 207 Vt. 154 and *Echeverria v. Town of Tunbridge*, 2024 VT 47, ¶ 18 is misplaced. In *Echeverria*, while the Town had not yet implemented a newly adopted "policy for maintenance and repair of legal trails," it had "taken concrete steps manifesting its intent to enter onto plaintiffs' property for the purpose of improving the trails," and this "demonstrate[d] a sufficiently concrete threat of physical invasion and interference with plaintiffs' asserted right to control who enters or alters their property." *Echeverria*, 2024 VT 47, ¶ 19. That is a far cry from the hypothetical future possibility of Plaintiff reviving its hotel project proposal years down the road. The ruling in *Watson*—holding that a claim that a condominium by-law requiring 48-hour notice to address the board of directors unlawfully restricted a unit owner's ability to participate in board meetings under a state statute stated a justiciable

controversy, even though the board apparently never actually denied him the right to speak at a meeting, *see Watson*, 2018 VT 8, ¶¶ 67, 69—similarly does not demonstrate how a justiciable case or controversy exists in the present case.

The Association notes Plaintiff's admission in its Amended Complaint that the parties remain at odds over whether the Covenants allow the Association to contest an Act 250 permitting process on Lot 9, and argues that Plaintiff might again seek to develop the same lot in the future. Opp'n at 7. That may be, but at this juncture, it is a "mere abstract question or hypothetical threat" that is "not a sufficient basis for a declaratory judgment," *Williams*, 156 Vt. at 60. While one need not "wait for the consummation of threatened injury to obtain preventive relief," the claimed injury here is not "certainly impending." *Doe*, 2020 VT 79, ¶ 12. Instead, it is a mere remote possibility. On this record, "it appears beyond doubt that there exist no facts or circumstances that would entitle the [counterclaim] plaintiff to relief." *Echeverria v. Town of Tunbridge*, 2024 VT 47, ¶ 10 (quotation omitted).

Order

The court grants Plaintiff's motion to dismiss the Association's Counterclaims. The motion to sever the counterclaims is therefore moot.


Electronically signed pursuant to V.R.E.F. 9(d): 1/22/2025 4:00 PM

_____
Samuel Hoar, Jr.
Superior Court Judge