Filed 04/30/25

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-04631

---

Janet Cote v. Vermont Agency of Natural Resources

---

## Entry Order

Plaintiff Janet Cote owns real property (the site) in Swanton that, at least in the past, was put to both commercial and residential uses. According to the Amended Complaint, "decades ago," the Vermont Agency of Natural Resources ordered to her to remove underground storage tanks and begin remediating petroleum contamination. She alleges that ANR had reimbursed her for *all* such expenses from Vermont's Petroleum Cleanup Fund (PCF), 10 V.S.A. § 1941, until 2018 and 2019, when it denied certain reimbursements. She appealed those decisions to the Environmental Division, *In re Cote/Maquam Shore Market*, Nos. 134-12-18 Vtec and 135-12-19 Vtec, and appealed its decision to the Vermont Supreme Court, *In re Cote/Maquam Shore Market*, No. 24-AP-161. The Supreme Court case remains pending.

In this case, Ms. Cote makes clear that she is not attempting to challenge any ANR remediation orders directly or collaterally; nor is she attempting to seek any reimbursement from the PCF. Instead, she asserts that if any requested reimbursements from the PCF remain unsatisfied following the termination of the PCF litigation, then she will have suffered a taking of her property in violation of either or both U.S. Const. amend. V and Vt. Const. ch. I, art. 2. She claims that "[w]ithout reimbursement of these costs, in particular the costs denied in 2019, Plaintiff could not, and cannot, use her property nor realize the full economic value of the property." Her takings claim in this case thus appears to depend on the future outcome of the PCF litigation.

The State has filed a motion to dismiss on several bases, ripeness not among them. "'Vermont courts are vested with subject matter jurisdiction only over actual cases or controversies involving litigants with adverse interests.' A claim is ripe 'when there is a sufficiently concrete case or controversy, as opposed to one that is abstract or hypothetical.' 'Courts will ordinarily not render decisions involving events that are contingent upon circumstances that may or may not occur in the future." *Echeverria v. Town of Tunbridge*, 2024 VT 47, ¶ 17 (citations omitted); *see also Killington, Ltd. v. State*, 164 Vt. 253, 258 (1995) (takings claim not ripe until underlying regulatory proceedings reach finality). Because ripeness is a component of the Court's subject matter jurisdiction, the Court raises the issue on its own motion. *See In re J.T.*, 166 Vt. 173, 181 (1997) ("[E]ven when a jurisdictional issue is never raised by a party we must take action on our own motion, if necessary, when a defect appears.").

The Court is concerned that it lacks subject matter jurisdiction over this case insofar as it may not be ripe because Ms. Cote's claim depends on the future outcome of the PCF litigation.

The parties have not addressed ripeness. The Court requests supplemental briefing on the question of ripeness. The parties shall file their principal contentions as to the ripeness issue within 30 days and may file brief reply memoranda within 14 days thereafter. Failure by Ms. Cote to file a principal memorandum will be treated as a concession that this case is not ripe, in which case dismissal will be entered without prejudice. To the extent either side contends the matter is ripe, it may also provide arguments as to whether the matter should be stayed pending issuance of the Supreme Court's ruling in Docket 24-AP-161.

Electronically signed on Tuesday, April 29, 2025, per V.R.E.F. 9(d).

Timothy B. Tomasi
Superior Court Judge