Vermont Superior Court
Filed 06/25/25
Washington Unit

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-04631

---

Janet Cote v. Vermont Agency of Natural Resources

---

Opinion and Order on Ripeness

In an April 30, 2025, Order—with the State's Motion to Dismiss pending—the Court requested briefing on whether Ms. Cote's inverse takings claim, her only claim in this case, is ripe such that the Court has subject-matter jurisdiction at this time. In subsequent briefing, Ms. Cote argues that her claim is ripe, that a case cited by the Court in requesting briefing on ripeness may no longer be sound, and that the Court should stay this case pending a decision in Ms. Cote's pending Petroleum Cleanup Fund (PCF) case before the Supreme Court, at which time we will know whether she has a claim or not. The Court determines as follows.

No doubt, Ms. Cote's takings claim is novel as it depends not any alleged direct restriction on the use, possession, or ownership of her property but on the State's decisions to not pay certain expenses related to the remediation of environmental contamination (without which she claims some impact on those rights).[1] As summarized in the Court's April 30 Order:

---

[1] "The prohibition on takings without compensation is not absolute. We have previously held that an exercise of the police power to abate a public nuisance . . . is not a compensable taking. While takings jurisprudence, especially at the federal level, has undergone significant development since [that an earlier Vermont decision], there remains no question that the abatement of a nuisance is not a taking." *Alger v. Dep't of Lab. & Indus.*, 2006 VT 115, ¶ 31, 181 Vt. 309, 325 (citation omitted). Moreover, it would

Plaintiff Janet Cote owns real property (the site) in Swanton that, at least in the past, was put to both commercial and residential uses. According to the Amended Complaint, "decades ago," the Vermont Agency of Natural Resources ordered to her to remove underground storage tanks and begin remediating petroleum contamination. She alleges that ANR had reimbursed her for all such expenses from Vermont's Petroleum Cleanup Fund (PCF), 10 V.S.A. § 1941, until 2018 and 2019, when it denied certain reimbursements. She appealed those decisions to the Environmental Division, *In re Cote/ Maquam Shore Market*, Nos. 134-12-18 Vtec and 135-12-19 Vtec, and appealed its decision to the Vermont Supreme Court, *In re Cote/Maquam Shore Market*, No. 24- AP-161. The Supreme Court case remains pending.

In this case, Ms. Cote makes clear that she is not attempting to challenge any ANR remediation orders directly or collaterally; nor is she attempting to seek any reimbursement from the PCF. Instead, she asserts that if any requested reimbursements from the PCF remain unsatisfied following the termination of the PCF litigation, then she will have suffered a taking of her property in violation of either or both U.S. Const. amend. V and Vt. Const. ch. I, art. 2. She claims that "[w]ithout reimbursement of these costs, in particular the costs denied in 2019, Plaintiff could not, and cannot, use her property nor realize the full economic value of the property." Her takings claim in this case thus appears to depend on the future outcome of the PCF litigation.

As the Court perceives it, the alleged taking is some perceived loss of property rights arising out of the lack of reimbursement from the State for remediation expenses that may or may not be available from the PCF.

Even assuming the viability of such a potential claim, any such taking will not materialize until the outcome of the PCF litigation becomes clear. That could happen as soon as the Supreme Court decides the appellate case, if it grants all Ms. Cote's claims or denies some claims without remanding, or it could happen later if there is a remand. This conclusion is compelled by how Ms. Cote crafted her claim in her amended

---

be reasonable to presume that property has more value once remediated than it did while contaminated.

complaint. She concedes as much in her May 8, 2025, filing: "If the Supreme Court upholds the decision, the ripeness issue disappears as all other administrative remedies have been exhausted. If the Supreme Court reverses the Environmental Court, then perhaps Plaintiff no longer has a takings claim at all. Thus, the issue of ripeness may become moot or irrelevant in short order."

Accordingly, the takings claim, as framed by Ms. Cote, depends on the outcome of a future event. "Courts will ordinarily not render decisions involving events that are contingent upon circumstances that may or may not occur in the future." *Echeverria v. Town of Tunbridge*, 2024 VT 47, ¶ 17.

In its April 30 Order, the Court cited *Killington, Ltd. v. State*, 164 Vt. 253, 258 (1995), for the proposition that a "takings claim [is] not ripe until [the] underlying regulatory proceedings reach finality." Ms. Cote argues that this principle of Vermont law arose out of *Williamson County Regional Planning Com'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), and the U.S. Supreme Court overruled *Williamson* in *Knick v. Township of Scott, Pennsylvania*, 588 U.S. 180. The finality principle of *Killington*, Ms. Cote contends, rests on tenuous grounds at best, and this Court should not rely on it.

The Court rejects this argument. First, *Knick* overruled *Williamson* only insofar as it rejected what it described as the "*San Remo* preclusion trap." The Court described the trap as follows:

> The Takings Clause of the Fifth Amendment states that "private property [shall not] be taken for public use, without just compensation." In [*Williamson*], we held that a property owner whose property has been taken by a local government has not suffered a violation of his Fifth Amendment rights—and thus cannot bring a federal takings claim in federal court—

until a state court has denied his claim for just compensation under state law.

> The *Williamson County* Court anticipated that if the property owner failed to secure just compensation under state law in state court, he would be able to bring a "ripe" federal takings claim in federal court. But as we later held in [*San Remo Hotel* and *County of San Francisco*], a state court's resolution of a claim for just compensation under state law generally has preclusive effect in any subsequent federal suit. The takings plaintiff thus finds himself in a Catch-22: He cannot go to federal court without going to state court first; but if he goes to state court and loses, his claim will be barred in federal court. The federal claim dies aborning.

This case has nothing to do with the *San Remo* preclusion trap, and Ms. Cote's inference that *Knick* portends dire consequences for the finality principle of *Killington* is by no means obvious.

The finality principle of *Killington* may have its origins in federal case law, but it is part of Vermont case law now and remains binding on this Court until the Vermont Supreme Court says otherwise.

Additionally, while Ms. Cote argues that there is finality in this case as the administrative agency arrived at its final decision, she refers only to finality for purposes of appeal. Finality of a judgment for purposes of appeal is not necessarily the same as finality for purposes of *res judicata. See Restatement (Second) of Judgments* § 13 cmt. b. As it relates to Ms. Cote's takings claim, the PCF litigation remains in an interlocutory (nonfinal), appellate phase.

Ms. Cote also observes that her takings claim is slightly different than the one at issue in *Killington*. That is manifestly so. The inverse takings claim in *Killington* was the classic such claim in which the property owner claimed that zoning regulations so limited the use of the property that the restrictions amounted to a taking. The finality issue was whether there remained remedies related to the zoning restrictions still

available such that the takings claim was not yet ripe. The ripeness defect here is more straightforward. Ms. Cote's claim plainly depends on a future event—that her PCF litigation will conclude without the reimbursement that is the premise for her takings claim.

As to Ms. Cote's request for a stay pending the outcome of the PCF litigation in lieu of dismissal, it is not possible if a claim is unripe. Ripeness is a component of the Court's subject-matter jurisdiction. *Echeverria v. Town of Tunbridge*, 2024 VT 47, ¶ 17. When a Court concludes that it lacks subject-matter jurisdiction, there is nothing left to do but dismiss. *See Merriam v. AIG Claims Servs., Inc.*, 2008 VT 8, ¶ 13, 183 Vt. 568, 571. Any "inefficiency" in such a dismissal was caused by the filing of the unripe claim.

To the extent that Ms. Cote expresses concern about the statute of limitations, the Court notes that it neither predicts nor determines how a future Court hearing a future case may rule. That notwithstanding, the Court notes that a claim generally does not accrue for statute-of-limitations purposes before it becomes ripe for resolution in court. *See Sikorsky v. City of Newburgh, New York*, 136 F.4th 56, 63 (2d Cir. 2025) ("Just as a claim becomes ripe when it accrues, the statute of limitations begins to run when the claim accrues."); *see also Plaintiffs in Winstar-Related Cases v. United States*, 37 Fed. Cl. 174, 182 (1997), *aff'd sub nom. Ariadne Fin. Servs. Pty. Ltd. v. United States*, 133 F.3d 874 (Fed. Cir. 1998) ("For a cause of action to accrue and the statute of limitations to run, the claim must be ripe. Common sense, as much as case law, dictates this maxim, for the alternative would lead plaintiffs into a conundrum in which their claims could be time-barred before even becoming amenable to judicial resolution." (citation omitted)).

Moreover, 12 V.S.A. § 558(a)(2) allows a timely filed case to be refiled within one year regardless of the limitations period when the original action was dismissed for lack of subject-matter jurisdiction.

Conclusion

For the foregoing reasons, this case is dismissed without prejudice for lack of subject matter jurisdiction on ripeness grounds. The State's motion to dismiss is denied as moot.

Electronically signed on Tuesday, June 24, 2025, per V.R.E.F. 9(d).

_____
Timothy B. Tomasi
Superior Court Judge