Filed 01/07/26

VERMONT SUPERIOR COURT
Lamoille Unit
154 Main Street
Hyde Park VT 05655
802-888-3887
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-03159

| Stowe Electric Department et al v. Stacey Ramos |
| --- |

## ENTRY REGARDING MOTION

Title:        Motion to Dismiss Counterclaims of Defendant (Motion: 2)
Filer:        Harold B. Stevens, III
Filed Date:    September 16, 2025

In this case, plaintiffs Stowe Electric Department and Stowe Tree LLC have filed a complaint against defendant Stacey Ramos, seeking a declaratory judgment that plaintiffs have a right-of-way over Stacey's property. Stacey has filed a counterclaim seeking a declaratory judgment that the purported right-of-way is void because it violates the warranty deed that created Stacey's lot. Stowe Tree now moves to dismiss the counterclaim against it for failure to state a claim for which relief can be granted. For the reasons set forth below, the motion is denied because the court construes the counterclaim to allege that plaintiffs' current and intended use of the right-of-way constitutes "commercial activity" prohibited by the deed.

### Background

The following facts are drawn from the allegations in the counterclaim complaint, the reasonable inferences drawn therefrom, and the documents incorporated therein.

Stacey owns and resides on Lot 3 of a 10-lot subdivision on Hartson Road, off of Route 108, in Stowe. The 1970s deeds that conveyed the subdivided lots restricted the lots to permanent residential and recreational use, expressly prohibited any commercial activity, and prohibited further subdivision, except for the enlargement of adjoining lots. Lots 3, 5, 7, 8, and 9 were originally conveyed to Alex Talasko and others.

In 1999, Talasko and another party acquired a lot (Parcel 9) in an adjacent subdivision that borders Lot 3. The original access to Parcel 9 was from Sandborn Road.

In 2007, the Talasko parties conveyed Lot 3 to Charles Hullfish and others subject to a 25-foot right-of-way from Hartson Road across Lot 3 to serve Parcel 9. In 2013, the Hullfish parties conveyed Lot 3 to Stacey. The warranty deed to Stacey contained both the restrictive covenant regarding subdivision and commercial activities and the purported right-of-way serving Parcel 9.

1

Parcel 9 was subdivided in 2016 into two residential lots, and in 2020, one of those lots was conveyed to Chris Kerr and Meredith Hunter. Chris is the principal of Stowe Trees. In 2025, Chris and Meredith conveyed title to their property to Stowe Trees.

Stowe Trees and Stowe Electric Department wish to use the right-of-way across Lot 3 to access Parcel 9 from Hartson Road, including by running electric utility lines to what is now the Stowe Trees lot. In July 2025, Stowe Electric and Stowe Trees filed this declaratory judgment action. Stacey filed a counterclaim alleging that the right-of-way is void because it violates the restrictions in Lot 3's deeds.

### Analysis

A claim should be dismissed under Rule 12(b)(6) "only if it is beyond doubt that there exist no facts or circumstances that would entitle the [claimant] to relief." *Birchwood Land Co. v. Krizan*, 2015 VT 37, ¶ 6, 198 Vt. 420 (quotation omitted). In considering a motion to dismiss, the court construes alleged facts and draws all reasonable inferences from those alleged facts in favor of the non-moving party. *Id.* Ultimately, the court must determine "whether the bare allegations of the complaint are sufficient to state a claim." *Id.* Documents relied on in a complaint merge into the pleadings and may be considered on a motion to dismiss. *Sutton v. Purzycki*, 2022 VT 56, ¶ 20, 217 Vt. 326.

Stowe Trees first argues that Stacey's counterclaim must be dismissed because no restriction in the original or subsequent Lot 3 deed purports to restrict granting a right-of-way for the benefit of a neighboring lot in an adjoining subdivision. Stacey argues the right-of-way created in 2007 was invalid because it violated the restrictions set forth in the original Lot 3 subdivision deed.

When interpreting language in a deed, the court looks first to "the language of the written instrument because it is assumed to declare the intent of the parties." *Gladchun v. Eramo*, 2023 VT 5, ¶ 12, 217 Vt. 481 (quotation omitted). If the language is unambiguous, the court must enforce it as written without considering extrinsic evidence. *Id.*

The 1979 warranty deed that created Lot 3 and several other lots in the Hartson Road subdivision provides in relevant part that: "[t]he lots herein conveyed shall only be used for permanent residential and recreational purposes"; "[t]he lots shall not be subdivided for sale or otherwise, except for the enlargement of adjoining lots"; and that "[n]o commercial activities of any kind shall be conducted on any lot." Counterclaim Compl., Exh. 7. Stacey argues that granting a right-of-way to an adjoining parcel, which was later subdivided into two parcels one of which is now owned by Stowe Trees, violates this language because it is both a "subdivision" and permits "commercial" activity on the property.

Granting a right-of-way does not subdivide a property. "A right-of-way is a type of easement" that "grant[s] a nonowner a limited privilege to use the lands of another." *United*

2

*States Forest Serv. v. Cowpasture River Pres. Ass'n*, 590 U.S. 604, 613 (2020). By contrast, a subdivision—as the name suggests—divides an existing property into separate properties. *In re Shantee Point, Inc.*, 174 Vt. 248, 255 (2002) (explaining that "'subdivision' means the division of a parcel into two or more parcels"). Thus, the prohibition on subdivision in the 1979 deed did not preclude the prior owner of Lot 3 from granting a right-of-way to benefit Parcel 9 in 2007.

Whether the right-of-way permits prohibited commercial activity is a more difficult question. There is no basis to conclude that the right-of-way, when created in 2007, violated the 1979 deed's restriction on "commercial activities." The 2007 deed described the right-of-way as "for purposes of ingress and egress, construction, maintenance, repair and replacement of an access road, and the installation of underground utilities." Compl., Exh. 1. The right-of-way was intended to provide access from Hartson Road to Parcel 9, which was then an undivided residential lot. The reference to "construction, maintenance, repair, and replacement" referred to the access road and not to any business activities. Since that time, however, Parcel 9 has been subdivided and one of the subdivided lots has been deeded to a business, Stowe Trees. An easement "must be used in a manner consistent with the use contemplated at the time of its creation and may not be used in a way that materially increases the burden on the servient estate." *Post & Beam Equities Grp., LLC v. Sunne Vill. Dev. Prop. Owners Ass'n*, 2015 VT 60, ¶ 57, 199 Vt. 313 (quotations omitted). Because one could reasonably infer from the alleged facts that the right-of-way is now being used for Stowe Trees' commercial purposes, the court cannot conclude "that there exist no facts or circumstances that would entitle" Stacey to relief on her counterclaim. *Birchwood Land Co.*, 2015 VT 37, ¶ 6.

Stowe Trees next argues that the counterclaim should be dismissed because Stacey failed to join the other lot owners in the Hartson Road subdivision as necessary parties. This argument fails. Rule 19 requires joinder of a party, if feasible, if "in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the person's claimed interest." V.R.C.P. 19(a). Joinder is not required here. The counterclaim concerns the right-of-way over Stacey's property. The right-of-way does not burden any of the other properties in the Hartson Road subdivision. As narrowed above, the counterclaim is limited to whether the current and intended use of the right-of-way by Stowe Trees (and Stowe Electric Department) is a "commercial activity" prohibited by the covenant in the 1979 deed and subsequent deeds.

Finally, Stowe Trees argues that the counterclaim is barred by collateral estoppel on account of a stipulated dismissal filed in *Landsman v. Kerr*, 21-CV-01057, in which Chris

Kerr and Meredith Hunter were defendants and third-party plaintiffs and Stacey Ramos was named as a third-party defendant (but never appeared).

"The doctrine of issue preclusion, also known as collateral estoppel, generally prohibits a party from "relitigating an issue that was decided in a previous action."" *Echeverria v. Town of Tunbridge*, 2024 VT 47, ¶ 13, 219 Vt. 585 (quoting *In re M.V.*, 2022 VT 31, ¶ 26, 216 Vt. 491)). A party is precluded from relitigating an issue if five elements are met:

> (1) preclusion is asserted against one who was a party or in privity with a party in the earlier action; (2) the issue was resolved by a final judgment on the merits; (3) the issue is the same as the one raised in the later action; (4) there was a full and fair opportunity to litigate the issue in the earlier action; and (5) applying preclusion in the later action is fair.

*Id.* (quoting *Trepanier v. Getting Organized, Inc.*, 155 Vt. 259, 265 (1990)). "In deciding whether issue preclusion is appropriate, we balance our desire not to deprive a litigant of an adequate day in court against a desire to prevent repetitious litigation of what is essentially the same dispute." *Id.* (quotation omitted).

Stowe Trees cannot meet the second *Trepanier* factor because the prior litigation was not resolved by a final judgment on the merits. *See Matzen Const., Inc. v. Leander Anderson Corp.*, 152 Vt. 174, 178 (1989) (noting that a "stipulated dismissal with prejudice" was not "a judgment on the merits" (citation omitted)). The court accordingly declines to consider the other factors.

### Order

The motion to dismiss the counterclaim is DENIED.

Electronically signed on: 1/6/2026 pursuant to V.R.E.F. 9(d)

_____
Benjamin D. Battles
Superior Court Judge